IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JENNIFER RAYMOND,<br><br>    Plaintiff,<br><br>v.<br><br>ANHEUSER-BUSCH, LLC,<br>a Missouri limited liability<br>company, and **SAFEWAY<br>STORES, INC.**, a Delaware<br>corporation,<br><br>    Defendants. | Case No. 6:15-cv-01191-MC<br><br>**OPINION AND ORDER** |

**MCSHANE, Judge:**

On June 26, 2015, Plaintiff Jennifer Raymond filed this negligence action stemming from a July 4, 2013, accident within Defendant Safeway's store in Lebanon, Oregon. *See generally* Pl. Compl. 1-2.

The Defendants now move to dismiss or, in the alternative, for summary judgment, alleging that Plaintiff did not commence this action within the statute of limitations because she did not serve Defendants within the relevant statutory period or the sixty-day relation back period following Plaintiff's initial filing. Because Plaintiff failed to timely serve Defendants and Defendants did not have actual notice of Plaintiff's claim under ORS 12.220(1), Defendants' motions are GRANTED.

1 – OPINION AND ORDER

## STANDARD

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (citing *Hunt v. Comartie*, 526 U.S. 541, 552 (1999)). When a moving party meets its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

## DISCUSSION

Defendants argue that Plaintiff did not commence the action within the statute of limitations because Plaintiff failed to serve defendant within sixty days of filing, June 26, 2015. Plaintiff commenced the action at the date of service, September 14, 2015, which occurred after the statute of limitations ran. ORS 12.020. Plaintiff concedes that the applicable statute of limitations is two-years. *See* Pl.'s Resp. Mot. Summ. J., ECF No. 15. Plaintiff also concedes that ORS 12.020 applies in this case, and that she did not serve the complaint within sixty days after filing. *Id.* at 2. Despite this, Plaintiff argues that the claim is subject to Oregon's savings statute, and that dismissal would be in vain because the statute would allow Plaintiff to refile her action.[1] *Id.* at 2–3. Plaintiff moves this Court to permit limited discovery pursuant to Rule 56(d), arguing

---

[1] Oregon's savings statute allows a plaintiff to file a second complaint if the original complaint is involuntarily dismissed because of a lack of service within sixty days of filing the complaint and the statute of limitations ran before service. ORS § 12.220(1). However, a defendant must have had actual notice of filing within the relevent sixty-day period. *Id.*

2 – OPINION AND ORDER

that the issue of whether Defendants had actual notice is a factual question that Plaintiff cannot test without discovery. This Court finds that Plaintiff has not met her burden under Rule 56(d), and denies Plaintiff's request for limited discovery. Because there is no genuine material issue of fact, this Court finds that Defendants did not have actual notice of Plaintiff's action as a matter of law.

## I.  Rule 56(d)

Plaintiff argues that she "should not have to take defendant's word" declaring a lack of notice, and requests limited discovery under Rule 56(d) to ascertain whether Defendants had actual notice. Pl.'s Resp. Mot. Summ. J., at 5, ECF No. 15. Under Rule 56(d), if a nonmoving party shows specified reasons it cannot present facts essential to justify opposition to a motion for summary judgment, a court may stay the motion, take discovery, and issue other appropriate orders. Fed. R. Civ. P. 56(d). The nonmoving party must specify the facts it hopes to elicit from further discovery, and show the facts sought exist and that they are essential to oppose summary judgment. *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Plaintiff hopes to show Defendant had actual notice within sixty days of her filing the complaint, and this fact is essential to qualify under the savings statute. Plaintiff has failed to show that this fact exists.

In addition to the above: "In a ruling on a Rule 56(d) motion, a district court considers: 'whether the movant had sufficient opportunity to conduct discovery; whether the movant was diligent; whether the information sought is based on mere speculation; and whether allowing additional discovery would preclude summary judgment.'" *Vann v. Massage Envy Franchising LLC*, 2015 U.S. Dist. LEXIS 1002 *12, Case No. 13-CV-2221-BEN (S.D. Cal. Jan. 6, 2015) (internal citations omitted).

That fact that neither party has had an opportunity for discovery weighs in favor of plaintiff. However, all other factors weigh in favor of Defendants. Plaintiff has not been diligent in prosecuting this action. Plaintiff filed her complaint eight days prior to the end of the statutory period and undisputedly served Defendants more than sixty days after the statutory period ran. Plaintiff also missed the filing deadline to respond to the instant motion, necessitating a grant of extension from this Court. It is also unclear whether limited discovery would preclude summary judgment, as Plaintiff has not shown that the facts she seeks exist, and their existence is mere speculation.

Plaintiff relies upon *Williford v. City of Portland* to argue she is entitled to limited discovery. *See* Pl's Resp. to Mot. Summ. J., 5 (citing *Williford v. City of Portland*, 320 Fed. Appx. 513 (9th Cir. 2009)). *Williford*, however, favors Defendants both because it is factually distinguishable and because it prescribed a method for defendants to properly argue actual notice was not received, a method that Defendants in this case have followed. First, the defendant in *Williford* was "carefully silent" as to whether it had actual notice of the action. *See Williford*, 320 Fed. Appx. at 515. Looking beyond that silence, the *Williford* court held that it could make a reasonable inference as to whether the defendant had actual notice, and reversed on the grounds that the district court should have construed that factual inference in the light most favorable to the party seeking discovery. *Id.* Importantly, the court noted that on remand the defendant could file a renewed motion to dismiss if it presented "new evidence, such as affidavits of the parties attesting under oath that they did not receive notice of the original complaint's filing within 60 days[.]" *Id.* at 515, n.3.

Here, both Defendants have declared under oath that they had no notice that Plaintiff filed this action prior to service of the complaint on September 14, 2015. Accordingly, contrary

to the *Williford* defendant, Defendants in this case are not silent regarding whether they received any form of notice, and I find no reasonable inference of actual notice. Plaintiff's former counsel contends that he provided discussed Plaintiff's claim with Defendants before filing the instant action, but the discussion of a claim and the notification of filing of an action are two distinct concepts. *See* Meadowbrook Decl. ¶ 5, ECF No. 16. Plaintiff further contends that she has a "good faith basis" to believe discovery would be fruitful, but provides only the following speculative reasoning: "many lawyers and corporations subscribe to . . . services that provide notice of all filings in the District of Oregon . . . ." *Id.* ¶ 5. Plaintiff admits that she has no direct evidence of notice of any sort. *Id.* Plaintiff's "good faith basis" alone does not give rise to a reasonable inference. In light of Defendants' declarations that they had no notice and Plaintiff's lack of allegations of material fact to the contrary, this Court finds that granting Plaintiff limited discovery would not preclude summary judgment.

**II.    Actual Notice**

Oregon's savings statute requires a defendant to have "actual notice" within sixty days after the filing of the complaint. *See* ORS 12.220(1). While not statutorily defined, actual notice is notice that fulfills the basic purpose of limitations periods by alerting defendants that a plaintiff asserts claims against them. *See Ram Tech. Servs., Inc. v. Koresko*, 208 P.3d 950, 962 (Or. 2009) (finding the savings statute applicable because the defendant had actual notice through a federal action concerning the same claims as an additional state action). When discussing actual notice, courts often require direct notice of a claim rather than notice through inferential or indirect methods. *See, e.g., Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795–98 (1983) (invalidating actual notice based upon publication of certain claims); *Ziniker v. Waldo*, 2007 WL 445558 *22–32 (D. Or. Feb 6, 2007) (finding no actual notice when a plaintiff

notifies a defendant's insurer but not the defendant).

Although factually dissimilar, *Ziniker* is persuasive. The plaintiff in *Ziniker* served the complaint to the defendant's insurer within the sixty-day statutory period, but did not serve the defendant.[2] *See Ziniker*, 2007 WL 445558 at *1–2, 27–28. Unlike this case, the plaintiff and defendant discussed filing the action during the sixty-day period.[3] *See id.* at *29–30. The court noted that the proper inquiry is whether the defendant, rather than his agents, received actual notice of the filing of the action. *See id.* at *27–28 (noting that if defendant's insurer or lawyer informed the defendant that plaintiff filed the action, actual notice would be satisfied). The court reasoned that oral notice is sufficient to provide actual notice because written notice that contains the same words would "obviously satisfy the 'actual notice' requirement." *Id.* at *30–31. The court also noted that the purpose of the actual notice requirement is to "allow the plaintiff to overcome a procedural mistake without prejudicing the defendant." *Id.* at *31. The court found that the plaintiff provided defendant actual notice through conversation, and that no prejudice occurred from the defendant's lack of understanding because the plaintiff provided notice to the defendant's agents, allowing the defendant to conduct an investigation and respond to the claims. *Id.* at *31–32.

Here, Defendants did not have actual notice of Plaintiff's filing of the complaint. As in *Ziniker*, Plaintiff and Defendants discussed Plaintiff's claim. However, unlike *Ziniker*, Plaintiff admits that this conversation occurred *before* she filed the complaint, and that service occurred past the sixty-day period. Meadowbrook Decl., ¶ 5, ECF No. 16; Pl's Resp. Mot. Summ. J., at 2, ECF No. 15. Likewise, Defendants declare that they had no notice of the filing of the action prior to receiving untimely service on September 14, 2015. Byrne Decl., at 2. As discussed above,

---

[2] Neither the insurer nor his lawyer discussed the complaint with the defendant during this period.
[3] The defendant conceded that the plaintiff could have informed him about filing the action, but contended that he misunderstood the conversation to inform him that a filing was pending.

Plaintiff claims "good faith belief" that Defendants had actual notice on the basis that "many lawyers and corporations subscribe to Courtroom News Service and other services that provide notice of all filings in the District of Oregon[,]" but admits that she has no direct evidence to support this belief. Meadowbrook Decl., ¶ 5, ECF No. 16. Even assuming Defendants both subscribe to this service and that this service notifies them of every filing within the District of Oregon, this form of constructive notice is insufficient as applied to ORS 12.220. *See Ziniker*, 2007 WL 445558 at *27–28 ("By using the word 'actual,' the type of notice required is different than mere constructive or imputed notice. . . . Actual notice [] requires that notice is given to the person who must be notified."); *see also Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed."). Based on the facts at issue and applicable case law, no issue of material fact exists as to whether Defendants had actual notice during the sixty-day period after Plaintiff filed the instant action. This court finds that Defendants did not have actual notice as a matter of law.

## CONCLUSION

For the reasons above, Defendants' Motions for Summary Judgment (ECF Nos. 5, 21) are GRANTED and this case is dismissed.

IT IS SO ORDERED.

Dated this 10 day of December, 2015.

_____
**Michael McShane**
**United States District Judge**